ORIGINAL

HASSAN KASSIR
*In Pro Per*
4551 Sandburg Way
Irvine, CA 92612
(949) 229.2654 (tel)
h.a.kassir@gmail.com



FILED
AUG -7 2019
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re: <br><br> HASSAN KASSIR, <br><br> Debtor. <br><br> HASSAN KASSIR, <br><br> Plaintiff, <br><br> v. <br><br> HASSAN ESSAYLI, <br><br> Defendant. | **Case No.:** 8:19-bk-10347-SC <br><br> Adv. No: <br><br> Chapter 7 <br><br> **COMPLAINT FOR:** <br><br> **INJUNCTIVE RELIEF PURSUANT TO 111 U.S.C. §§ 105(A), 362(A) AND 542(A)** |

Plaintiff Debtor Hassan Kassir (hereinafter referred to as "DEBTOR") respectfully alleges for his complaint and claim of relief as follows:

### NATURE OF THE ACTION

1. This is an adversary proceeding commenced by DEBTOR, pursuant to Sections 105(a), 362(a) and 542(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 7001(7) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule

65 of the Federal Rules of Civil Procedure made applicable hereto by Bankruptcy Rule 7065 seeking (i) injunctive relief under section 105(a), 362(a) and 542(a) of the Bankruptcy Code, to stay, retrain, and enjoin Defendant Hassan Essayli (hereinafter referred to as "ESSAYLI") from continuing to prosecute a lawsuit in California Superior Court, County of Orange, against DEBTOR's co-defendants, including his wife Ghada, son Mohammad, and a corporate entity OSMIASOFT of which DEBTOR's son Mohammad is founder and principal officer (Essayli v. Kassir, et. al., case Number 30-2019-01044149).

2. Allowing the ESSAYLI Action to continue against DEBTOR's co-defendants jeopardizes DEBTOR's successful reorganization in bankruptcy and therefore may be enjoined by this Court. In re Excel Innovations, Inc., 502 F.3d 1086, 1094 (2007).

3. The ESSAYLI Action is clearly designed to reach DEBTOR's assets by way of targeting his co-defendants, especially now that DEBTOR has secured an automatic stay with respect to his own participation in the lawsuit.

4. Therefore, DEBTOR now respectfully requests this Court to enjoin ESSAYLI from moving forward with his action pursuant to Bankruptcy Code section 105(a) until such time as the DEBTOR concludes reorganization in this Court.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The venue of this action in this district is proper pursuant to 28 U.S.C. § 1409.

7. This adversary proceeding is initiated under Bankruptcy Rule 7001(7), and

the relief requested herein may be ordered pursuant to sections 105(a), 362(a) and 542(a) of the Bankruptcy Code.

## THE PARTIES

8. Plaintiff Debtor Hassan Kassir is, and has been at all relevant times, a resident of the County of Orange, State of California.

9. Defendant Hassan Essayli is, and has been at all relevant times, a resident of the County of Orange, State of California.

## FACTUAL BACKGROUND

10. On January 31, 2019 (the "Petition Date"), DEBTOR filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

11. DEBTOR and ESSAYLI had been friends and frequent business partners for over forty years. In 2016, DEBTOR and ESSAYLI broke into a dispute over their multiple personal, business, and financial agreements and/or transactions.

12. In September 2019, ESSAYLI's attorney sent DEBTOR a demand letter for disputed debt claiming it to be a personal loan (a friend helping a friend) from ESSAYLI to DEBTOR. ESSAYLI did not mention any agreements or business transactions. DEBTOR answered and challenged ESSAYLI to produce any evidence of any personal payment.

13. On November 30, 2016, ESSAYLI filed a complaint [Case No.: 30-2016-00889773-CU-OR-CJC] against DEBTOR and his daughter SUKEINAH. ESSAYLI changed his story and claimed that he lent DEBTOR the money for business use. ESSAYLI also sued DEBTOR's daughter SUKEINAH who was the title holder on the property located at 4551 Sandburg Way, Irvine, CA (hereinafter referred to as the "PROPERTY"). ESSAYLI made tens of false claims of representations and misrepresentations against SUKEINAH, claimed fraud against

both DEBTOR and SUKEINAH, filed a lis pendens against the PROPERTY, and asked the court for quiet title.

14. In his INITIAL COMPLAINT, ESSAYLI made numerous false and misleading allegations of representations and misrepresentations against SUKEINAH and used them as a pretext to Lis Pendens SUKEINAH's PROPERTY. ESSAYLI later admitted in court discovery that he had never ever had any transactions, agreements, and/or communications with SUKEINAH (Exhibit B). SUKEINAH was able to expunge the Lis Pendens. ESSAYLI then amended the INITIAL COMPLAINT (hereinafter referred to as "AMENDED INITIAL COMPLAINT" against SUKEINAH and retracted all his previous false and misleading allegations against SUKEINAH.

15. On January 11, 2019, ESSAYLI maliciously fabricated a new complaint (hereinafter referred to as "NEW COMPLAINT" Case No.: 30-2019-01044149-CU-BT-CJC) against the DEBTOR. This time ESSAYLI used newly fabricated false and misleading allegations and added DEBTOR's wife and son to this NEW COMPLAINT. ESSAYLI served DEBTOR's wife in March 2019 and son in April 2019 (after DEBTOR filed a bankruptcy petition on January 31, 2019).

16. ESSAYLI initially claimed that Debor owed him the debt personally (a friend helping a friend). Now ESSAYLI is maliciously attempting to circumvent the bankruptcy court and make debtor's family members stand ins for DEBTOR's assets in the DEBTOR's bankruptcy petition.

17. In his INITIAL CASE above, ESSAYLI attempted to gain illegal and improper influence over the Superior Court's referee Mr. Balmages through a friend of Mr. Balmages. (Exhibit B).

18. Faced with a crumbling case, ESSAYLI's strategy was to amend the case (please see Exhibit A below), remove all false allegations against SUKEINAH, strike the Quiet Title and Injunction claims, and add new allegations, claims, and family defendants without showing a single evidence.

19. In November 2018, ESSAYLI amended his complaint, removed all claims of representations and misrepresentations against SUKEINAH, added new claims of business misrepresentation against me, and added three new defendants: my wife Ghada Kassir, my son Mohammad Kassir, and my son's company Osmiasoft.

17. The judge refused to add new defendants to the existing case and violation of Business & Professional Code 17200

18. I filed my bankruptcy petition [Case #: 8:19-bk-10347-SC] on January 30, 2019.

19. On March 10, 2019, ESSAYLI served my wife Ghada Kassir with a new complaint [Case No.: 30-2019-01044149-CU-BT-CJC]. On April 17, 2019, ESSAYLI served my son Mohammad Kassir and Osmiasoft with the same complaint. I was also named on the complaint. But since I was in bankruptcy court, I was never served.

20. ESSAYLI is suing the three other defendants for the same $240,000 estate filed in the bankruptcy petition.

21. Since ESSAYLI has never had any business communications and/or transactions directly with my wife and my son, and since all his business transactions were with me and/or Osmiasoft, his addition of my wife and son was superfluous and malicious. Most of the allegations and claims are centered around me. I am the indispensable party for the case to move forward and the monies ESSAYLI are claiming are already included in the bankruptcy estates filing.

22. ESSAYLI started by making this a personal debt payment issue between him and I. Then he expanded it maliciously to my daughter SUKEINAH to take the family property away from her. When failed, and although the statute of limitations had run out, he maliciously added my wife, son, and Osmiasoft to his litigation.

## COUNT I

## INJUNCTIVE RELIEF UNDER SECTION 105(a) OF THE BANKRUPTCY CODE

23. Section 105(a) of the Bankruptcy Code authorizes the court to issue "any Order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

24. The relief requested herein is necessary to protect DEBTOR's ability to efficiently and effectively administer the above captioned cases and to preserve the property of its estate.

25. In the absence of entry of the requested injunctive relief, DEBTOR's estate Will be imminently and irreparably harmed.

26. The balance of harm is in favor of the DEBTOR. Absent the relief requested, DEBTOR will be greatly harmed. In contrast, the Defendant will not suffer any irreparable harm if the ESSAYLI Action is stayed pending successful reorganization of DEBTOR's estate in this Court.

27. Given the two disputed claims estates related to ESSAYLI in my petition and the related court sanctions, it is essential that I get them discharged to reorganize my estate.

28. DEBTOR is highly likely to successfully reorganize his estate through bankruptcy. Meanwhile, the ESSAYLI Action puts DEBTOR's successful reorganization in jeopardy.

29. For the reasons stated herein, DEBTOR is entitled to a temporary restraining order and preliminary injunction staying, restraining, and enjoining Defendant from continuing to prosecute the ESSAYLI Action again DEBTOR and his co-defendants.

## PRAYER FOR RELIEF

WHEREFORE, for all of the foregoing reasons, Plaintiff DEBTOR respectfully request relief as follows:

1. A temporary restraining order and preliminary injunction staying, restraining, and enjoining Defendant from moving forward with the ESSAYLI Action.

2. An order granting such other and further relief as the Court may deem just and proper.

DATED: August 7, 2019

Respectfully submitted,

SIGNED: _____

Hassan Kassir
*In Pro Per*